## WEST v. HACKETT.

HOLDEN, J.   A writing signed by A. T. Hackett and S. P. West recited that the former "is held and firmly bound unto" the latter, and the condition of this obligation is that he has agreed to sell to West a described tract of land, and that "the condition of the foregoing is such that whereas the said S. P. West has this day made and delivered to the said A. T. Hackett six" described promissory notes, "and also the further condition that the said S. P. West and his family agree to furnish said Hackett with a comfortable room, no other person to occupy said room, board him for six years at one hundred dollars per year, including washing, and further said West and family are to treat him with that respect and consideration and kindness which his age and infirmity may require, and in the event said Hackett shall die, or from any other legitimate and legal reason shall cease board with said West, then and in that event the unused portion of six hundred dollars for board shall be and become a money debt at 80 per cent. on the dollar, which the said West agrees to pay said Hackett or representatives in lieu of unused money for board. Now should the said S. P. West fully carry out the foregoing agreement and pay said notes as stipulated, the said Hackett agrees to make or cause to be made to the said S. P. West good and sufficient titles in fee simple to the foregoing described property, which if the said Hackett should do then this bond to be null and void, else to remain in full force." Hackett brought suit against West to recover $480, besides interest from the "date of the breach of the contract," alleging that West had refused to carry out his agreement to furnish Hackett with a comfortable room and treat him as provided in the above-quoted portion of the contract between them, and plaintiff had ceased to board with the said West "and the said debt becoming a money demand as per said contract and agreement." Upon the trial of the case a verdict was rendered in favor of the plaintiff for $400 principal, besides interest, and to the order of the court refusing a new trial, the defendant excepted.   *Held:*

1. At the conclusion of the evidence, it was error for the court to state in the presence of the jury:  "I want to say, without prejudice to either side, that if I represented the plaintiff I would dismiss this case. If I represented the defendant I would let him take a judgment for all he sues for. If there is an honest difference between the parties, you could find for the plaintiff."

2. It was error for the court to charge:  "If you find from the evidence that both parties have acted in good faith, Col. Hackett in good faith about his contention and the defendant in just as good faith about his contention, and they can not agree, then you would be authorized to divorce them; and if you divorce them, you would find in favor of the plaintiff for $400.00 with interest at 7 per cent. from the first day of January, last year."  The mere fact that either or both of the parties acted in good faith in regard to their respective contentions would not authorize a recovery by plaintiff under the contract.

3. It was not error to refuse a written request of West to charge the following:  "That the clause of the contract providing that defendant shall

pay plaintiff 80 per cent. of amount due for board only liquidates or settles the amount of the damage for the breach, and does not make it fall due or become payable any sooner than would be the case without that clause; and that the contract is an entire contract for board for six years; and that no damages, whether liquidated or not, are recoverable under the contract sued on until the expiration of the six years referred to in the contract."

4. There was no error requiring a new trial in the following charge of the court: "Now, gentlemen [referring to the clause of the contract alluded to in the statement of the preceding ground], this contemplates that Mr. West and his family are to furnish Col. Hackett with a comfortable room as here described, and that he is to live with the family, and they are to treat him in the manner set out here; and if for any legitimate reason he should fail to board the time out, or should die, the money becomes due, not the full amount, but 80 per cent. of the remaining unused portion of it."

*Judgment reversed. All the Justices concur.*
MAY 12, 1911.

Action for breach of contract. Before Judge Fite. Catoosa superior court. June 10, 1910.

*J. H. Anderson* and *George G. Glenn,* for plaintiff in error.

*W. E. Mann,* contra.